UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

David Frahn,

    Plaintiff

v.

David Lee Phillips and Associates, et al.,

    Defendants

2:17-cv-01560-JAD-CWH

**Order Denying Motion for Entry of Clerk's Default**

[ECF No. 6]

    Pro se plaintiff David Frahn sues David Lee Phillips & Associates, David Lee Phillips, and Charles Brown[1] for breach of contract and potentially for deceptive trade practices and attorney malpractice.[2] Frahn asks that Phillips and Brown "be impeached and sanctioned for violations of their oaths as officers of the court" and that once "this honorable court decides the extent of the crimes which the Defendants may have committed, the Defendants be held liable for damages under" 18 U.S.C. § 3571, which prescribes criminal sentences of paying fines.[3]

    Frahn now moves, presumably under Federal Rule of Civil Procedure 55 and Local Rule 77-1(b)(2), for the entry of default against "David Lee Phillips Esq. et al."[4] But Frahn has not

---

[1] Frahn confusingly attaches "et al" to the end of every defendant's name and only refers to the defendants in all capital letters. "Et al" means "and others" and is used to shorten case citations when a plaintiff sues multiple defendants. It has no meaning when attached to the end of every defendant's name. It appears that "DAVID LEE PHILLIPS ESQ Et al" refers to Mr. Phillips as an individual, "CHARLES BROWN et al" refers to Mr. Brown, and "DAVID LEE PHILLIPS AND ASSOCIATES Et al" refers to David Lee Phillips & Associates, and that is how the court will interpret these terms—as referring to single, individual defendants.

[2] Frahn mentions additional claims in an affidavit attached to his complaint. ECF No. 1 at 6. There he also references "claims" under Nevada Revised Statute §§ 207.400 (penalties for criminal racketeering) and 199.480 (penalties for criminal conspiracy). I make no statement about the sufficiency of any of his claims.

[3] ECF No. 1 at 4.

[4] ECF No. 6.

demonstrated that Mr. Phillips was properly served with process under FRCP 4(e). Accordingly, Frahn's motion for entry of default is denied.

### Discussion

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."[5] In order to obtain the entry of default, the plaintiff must show that (1) service was properly effected on the defendant, and (2) the defendant failed to respond within the time specified by the Federal Rules of Civil Procedure.

It appears that Frahn sues Phillips as an individual and his firm David Lee Philips & Associates. FRCP 4(e) requires that an individual be served by methods authorized by state law or by (1) personally delivering a copy of the summons and complaint to the individual; (2) leaving a copy at the individual's dwelling with someone of suitable age and discretion who resides there; or (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.[6]

Frahn's motion appears to seek default only against Mr. Phillips. The proof of service he attaches to his motion states that on August 15, 2017, his process server served the summons addressed to "DAVID LEE PHILLIPS ESQ. et al" on David Lee Phillips & Associates' "Secretary" who is allegedly designated by law to accept service of process on behalf of the law office. However, there is no evidence that the law office's secretary is authorized to accept service on Mr. Phillips's *individual* behalf. Based on this showing, I cannot conclude that service was properly made on Mr. Phillips.

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action with prejudice against

---

[5] Fed. R. Civ. P. 55(a).

[6] Fed. R. Civ. P. 4(e).

2

that defendant or order that service be made within a specified time."[7]  As Frahn has been previously notified, he has until October 18, 2017, to effectuate proper and complete service of each original summons and a copy of the complaint on Mr. Brown, Mr. Phillips, and David Lee Phillips & Associates in the manner required by law.  Frahn must separately serve each person and entity he identifies as a defendant to properly effectuate service, and he must file three separate proofs of service indicating that he has done so.  This means that he must serve both David Lee Phillips & Associates and the individual David Lee Phillips separately if he wishes to maintain a suit against both of those defendants.

Frahn is cautioned that his pro se status will not be considered an excuse or justification for future failures to comply with the rules of this court.  He is not relieved of his obligation to comply with the rules and procedures of this court simply because he has not retained an attorney to represent him.  The Ninth Circuit has repeatedly held that pro se litigants are bound by the same rules as a represented party, and they will not be treated more favorably or leniently than parties who hire counsel.[8]

. . .

---

[7] Fed. R. Civ. P. 4(m).

[8] *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("[P]ro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record.").

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Frahn's motion for entry of default **[ECF No. 6]** is **DENIED.**

Frahn has until October 18, 2017, to file proofs of service for all of the defendants in this action. **If Frahn does not complete service and file proofs of service by October 18, 2017, the claims against any unserved defendant will be dismissed without further prior notice and without prejudice under FRCP 4(m).**

DATED: October 5, 2017.

_____
U.S. District Judge Jennifer A. Dorsey