# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

David Frahn,

    Plaintiff

v.

David Lee Phillips, Esq., et al,

    Defendants

Case No.: 2:17-cv-1560-JAD-CWH

**Order Dismissing Case**

    The Rules of Civil Procedure give a plaintiff 90 days to serve a summons and complaint and require the plaintiff to file proof of that timely service on each defendant.[1] David Frahn commenced this case against three defendants—David Lee Phillips, Esq., Charles Brown, and David Lee Phillips & Associates—on June 2, 2017, and he still has not filed proof of service of the summons and complaint on any defendant.[2] On September 18, 2017, the Clerk of Court sent plaintiff a notice that his claims would be dismissed without prejudice for any defendant he failed to file proof of service on by October 18, 2017.[3] I reminded him of that deadline when I denied his motion for default on October 5, 2017.[4]

    Frahn's failure to file notices demonstrating that process was lawfully served on any defendant in this case compels the dismissal of this action. Rule 4(m) states, "If a defendant is

---

[1] Fed. R. Civ. P. 4. Rule 4(c)(1) further makes it clear that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed under Rule 4(m)."

[2] Although plaintiff attached a proof of service to his motion for default against defendant David Lee Phillips Esq., ECF No. 6 at 7, as I explained in the order denying that motion, the proof demonstrates that service was defective. *See* ECF No. 7.

[3] ECF No. 5.

[4] ECF No. 7.

1

not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—**must dismiss** the action without prejudice against that defendant or order that service be made within a specified time."[5] Frahn has been twice warned that his failure to file proof of service by October 18, 2017, would cause his case to be dismissed. Although he filed proof of service on defendant David Lee Phillips, Esq., as an exhibit to a motion before the deadline expired, that proof only demonstrated that he served Phillips's personal summons and complaint on the secretary at Phillips's place of business, which is not an authorized method of service under the rules.[6]

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate, . . . dismissal" of a case.[7] A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[8] In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[9]

---

[5] Fed. R. Civ. P. 4(m).

[6] *See* Fed. R. Civ. P. 4(e).

[7] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[8] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[9] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

I find that the first two factors weigh in favor of dismissing this case. The risk-of-prejudice factor also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a document ordered by the court or prosecuting an action.[10] A court's warning to a party that failing to obey the court's order or comply with a rule will result in dismissal satisfies the consideration-of-alternatives requirement,[11] and Frahn was expressly warned that dismissal could result if he failed to provide proof of service by the October 18th deadline; he was also advised that the court did not consider the lone proof he had provided to be proper.[12] Although the fourth factor weighs against dismissal, it is greatly outweighed here by those favoring dismissal.

Accordingly, IT IS HEREBY ORDERED that **this action is DISMISSED** without prejudice for failure to provide timely proof of proper service on any defendant. The pending Motion for Summary Judgment **[ECF No. 10] is DENIED** as moot. **The Clerk of Court is directed to CLOSE THIS CASE.**

Dated this 5th day of January, 2018.

_____
U.S. District Judge Jennifer A. Dorsey

---

[10] *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[11] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

[12] *See* ECF Nos. 5, 7.